USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

                 Plaintiff,

-against-

MAYOR ERIC ADAMS; CITY OF NEW YORK,

                 Defendants.

24-CV-6121 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Quintin Ballentine, who is appearing *pro se* and *in forma pauperis* ("IFP"), filed this complaint under 42 U.S.C. § 1983, regarding events occurring on June 1, 2024. By order dated October 22, 2024, the Court issued an order that, among other things, directed service on the City of New York, and directed the New York City Law Department to provide the Court and Plaintiff with the names of the NYPD officers allegedly involved in that incident. [ECF No. 7]. On December 12, 2024, Plaintiff filed an amended complaint that added New York City Mayor Eric Adams as a Defendant. [ECF No. 12]. By letter dated December 20, 2024, the Law Department provided the names of the two police officers involved in the alleged incident, and also informed the Court that service on the City of New York has not yet been executed. [ECF No. 13].

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.   New York City Mayor Eric Adams is dismissed from the action**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff lists Mayor Eric Adams as a Defendant in the caption of the amended complaint, but there is no mention of Mayor Adams in the body of the complaint. Plaintiff has thus failed to show that Mayor Adams was personally involved in the events underlying his claims. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may, should he wish to do so, file a second amended complaint to provide facts in support of a claim against Mayor Adams.

2

**B.     Newly named defendants**

By letter dated December 20, 2024, the New York City Law Department identified the Doe New York City police officers Plaintiff seeks to sue in this matter as Police Officer Steven Tapia and former Police Officer Alexis Bedolla Benavente.  The Clerk of Court is directed to add Officer Tapia and former Officer Benavente as Defendants under Federal Rule of Civil Procedure 21.  Plaintiff shall file an amended complaint naming the individual officers on or before January 31, 2025.

**C.     Service on all defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service of the amended complaint on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Mayor Eric Adams. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add New York Police Officer Steven Tapia, Shield No. 22075; and former New York Police Officer Alexis Bedolla Benavente as Defendants under Federal Rule of Civil Procedure 21.

The Clerk of Court is further instructed to issue summonses for the City of New York; New York Police Officer Steven Tapia, Shield No. 22075; and former New York Police Officer Alexis Bedolla Benavente, complete USM-285 forms with the addresses for defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   December 30, 2024
         New York, New York

                                          _____
                                          MARY KAY VYSKOCIL
                                          United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

New York City
New York City Law Department
100 Church Street
New York, NY 10007

New York Police Officer Steven Tapia, Shield No. 22075
New York City Police Department, 52nd Precinct
3016 Webster Avenue
Bronx, NY 10467

Former New York Police Officer Alexis Bedolla Benavente
New York City Police Department
1 Police Plaza, Room 110-C
New York, NY 10038