USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUINTIN J. BALLENTINE,<br><br>        Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, *et al*,<br><br>        Defendants. | 24-CV-6121 (MKV)<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AS PREMATURE AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT** |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Quintin Ballentine, who is appearing *pro se*, filed this action asserting claims under 42 U.S.C. § 1983, regarding events occurring on June 1, 2024. By order dated October 22, 2024, the Court issued an order that, among other things, directed service on the City of New York, and directed the New York City Law Department to provide the Court and Plaintiff with the names of the NYPD officers allegedly involved in that incident. [ECF No. 7]. On December 12, 2024, Plaintiff filed an amended complaint that added New York City Mayor Eric Adams as a Defendant. [ECF No. 12]. By letter dated December 20, 2024, the New York City Law Department provided the names of the two police officers involved in the alleged incident as Police Officer Steven Tapia and former Police Officer Alexis Bedolla Benavente. [ECF No. 13].

  Thereafter, on December 30, 2024, the Court issued an Order that (1) dismissed New York City Mayor Eric Adams from the action, (2) directed Plaintiff to file an amended complaint on or before January 31, 2025 that names the individual officers identified in the Law Department's December 20, 2024 letter, and (3) ordered the U.S. Marshals Service to effect service on all defendants. [ECF N0. 14]. Subsequently, Defendant City of New York filed a letter on March 25, 2025 seeking clarification on the City's deadline to respond since Plaintiff had not yet complied with the Court's prior Order directing Plaintiff to file an amended complaint naming the individual

officers. [ECF No. 18]. In response to Defendant City of New York's letter the Court *sua sponte* granted Plaintiff an extension to file the previously Ordered amended complaint on or before May 26, 2025. [ECF No. 19]. In this Order the Court also directed Defendants to respond within 30 days of its filing. [ECF No. 19]. However, to date Plaintiff has still not filed an amended complaint naming the officers. Plaintiff has filed a (1) legal brief in support of his complaint [ECF No. 21], (2) notice of motion and motion for summary judgment [ECF No. 22], (3) personal statement regarding attempting to obtain officer information [ECF No. 23], (4) memorandum of law in support of Plaintiff's amended complaint [ECF No. 24], (5) notice of motion for summary judgment [ECF No. 25], (6) personal statement of plaintiff in support of motion for summary judgment, and (7) letter requesting an update on the case.

## DISCUSSION

Plaintiff is proceeding *pro se* and as such the Court must "liberally construe[]" documents submitted by Plaintiff. *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008). Additionally, the Court "must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings. *See Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). However, the Second Circuit has made clear that *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted).

Plaintiff has moved for summary judgment, twice, before Defendants have had the opportunity to respond to the Plaintiff's complaint or conduct any discovery in this matter. These motions for summary judgment are premature and must be dismissed. *See Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 98 (2d Cir. 2000) ("The grant of summary judgment . . . was

premature" where the nonmoving party "was denied the opportunity to conduct discovery."); *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) ("[T]he grant of summary judgment here was premature" because the court could not "conclude that the parties had already had 'a fully adequate opportunity for discovery' when the district court granted summary judgment."). As such Plaintiff's multiple motions for summary judgment made prior to discovery are premature and are denied without prejudice to renewal after discovery in this action has concluded.

Furthermore, Plaintiff notes in his letter that he has not heard from Defendants yet and is unsure of the next steps of this litigation. However, the Court directed Plaintiff to file an amended complaint naming the individual officers identified by the New York City Law Department letter dated December 20, 2024 (*i.e.* Police Officer Steven Tapia and former Police Officer Alexis Bedolla Benavente) and Plaintiff has still not done so. Defendants cannot respond until Plaintiff files the amended complaint as Order by the Court. *See Shannon v. Venettozzi*, 749 F. App'x 10, 13 (2d Cir. 2018) (an amended complaint supersedes the original complaint, and renders it of no legal effect). Therefore, the next step required for this litigation to move forward is for Plaintiff to comply with this Court's Orders and file a single complete amended complaint that asserts all of his purported claims against all of the relevant Defendants, including Police Officer Steven Tapia and former Police Officer Alexis Bedolla Benavente. Because Plaintiff's amended complaint will completely replace the previously filed complaints, any facts or claims that Plaintiff wishes to assert in this case must be included in the Amended Complaint.

## **CONCLUSION**

For the reasons discussed above, IT IS HEREBY ORDERED that Plaintiff's motions for summary judgment are DENIED as premature without prejudice to renewal when discovery is completed.

IT IS FURTHER ORDERED that on or before July 7, 2025 Plaintiff shall file one single complete Amended Complaint asserting all of his purported claims against all of the relevant Defendants, including Police Officer Steven Tapia and former Police Officer Alexis Bedolla Benavente. Because Plaintiff's amended complaint will completely replace, not supplement, the previously filed complaints, any facts or claims that Plaintiff wishes to assert in this case must be included in the Amended Complaint. Once Plaintiff has filed his Amended Complaint, the Court will provide further information to the parties on how the case will proceed.

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 22 and 25.

SO ORDERED.

Dated:  June 13, 2025
        New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge